UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BARR, MARY BIRDOES, JEFF BOWLIN, and RYAN LANDIS, on behalf of themselves all other persons similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br>　　　vs.<br><br>DRIZLY, LLC f/k/a DRIZLY, INC., and THE DRIZLY GROUP, INC.,<br><br>　　　　　　　　　Defendants. | Case No. 1:20-CV-11492<br><br>The Honorable Leo T. Sorokin<br>Magistrate Judge Donald L. Cabell |

**ORDER PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF AND APPROVING THE PROPOSED FORM AND PLAN OF CLASS NOTICE**

Plaintiffs James Barr, Mary Birdoes, Jeff Bowlin, and Ryan Landis ("Plaintiffs") on behalf of the Settlement Class, having applied for an order preliminarily approving the proposed settlement ("Settlement") of this Action against Drizly, LLC (formerly known as Drizly, Inc.) and The Drizly Group, Inc. (collectively "Drizly") in accordance with the Stipulation and Agreement of Settlement entered into on March 26, 2021 (the "Settlement Agreement") between Plaintiffs and Drizly; the Court having read and considered the memorandum of law in support of this Motion, the Settlement Agreement, accompanying documents, and the record herein; and Plaintiffs and Drizly (collectively, the "Parties") having consented to the entry of this Order,

NOW, THEREFORE, on this __30th__ Day of _____March_____, 2021, upon application of the Parties,

**IT IS HEREBY ORDERED** that:

1.     Unless otherwise defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Order.

2.     The Court finds that it has subject matter jurisdiction to preliminarily approve the Settlement Agreement, including all exhibits thereto and the Settlement contained therein and that is has personal jurisdiction over Plaintiffs, Drizly and all Settlement Class Members.

3.     The Court finds that the applicable provisions of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied and that the Court will likely be able to approve the Settlement and certify the Settlement Class for purposes of judgment.

4.     For purposes of the Settlement only, the Court conditionally certifies the following Settlement Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3):

> All persons residing in the United States whose customer data was compromised in the data intrusion security incident that Drizly made public on July 28, 2020, in which an unauthorized party accessed certain personally identifiable information of Drizly's customers (the "Data Breach").

Excluded from the Settlement Class are (i) Drizly and its employees, agents, affiliates, parents, and subsidiaries, whether or not named in the amended complaint in this Action; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff; and (iv) the attorneys representing the Parties in the Action.

5.     Subject to final approval of the Settlement, the Court finds and concludes for settlement purposes only that the prerequisites to a class action, set forth in Federal Rules of Civil Procedure 23(a) and (b)(3), are satisfied in that:

   a. the Settlement Class is so numerous that joinder of all members is impracticable;

   b. there are questions of law or fact common to the Settlement Class;

      c. the claims of Plaintiffs are typical of those of Settlement Class Members;

      d. Plaintiffs and Class Counsel (defined below) fairly and adequately represent the Settlement Class;

      e. common issues predominate over any individual issues affecting Settlement Class Members; and

      f. settlement of the Action on a class action basis is superior to other means of resolving this matter.

6. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement was entered into at arm's length by experienced counsel and is sufficiently within the range of reasonableness, fairness, and adequacy, and that notice of the Settlement should be given as provided in this Order because the Court will likely be able to approve the Settlement under Rule 23(e)(2) of the Federal Rules of Civil Procedure.

7. The Court appoints James Barr, Mary Birdoes, Jeff Bowlin, and Ryan Landis to serve as class representatives for settlement purposes only on behalf of the Settlement Class.

8. The Court appoints Lowey Dannenberg, P.C., Carlson Lynch LLP, Keller Lenkner, LLC, Thompson Consumer Law Group, PC, and Block & Leviton LLP as Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

9. The Court appoints A.B. Data, Ltd. as Settlement Administrator for purposes of the Settlement.

10. A hearing will be held on a date of the Court's convenience on or after _____, 20\_\_\_ at _____ [a.m./p.m.] (approximately 210 days after entry of this Order) in Courtroom \_\_\_\_ of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the Class Notice, which is ordered

herein, but shall be subject to adjournment or change by the Court without further notice to Settlement Class Members, other than that which may be posted at the Court or on the Settlements Website at www.alcoholdeliverydatabreach.com.

11.     The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such non-substantive modifications as may be consented to by the Parties and without further notice to the Settlement Class.

12.     All proceedings in this Action as to Drizly, other than such proceedings as may be necessary to implement the proposed Settlement or to effectuate the terms of the Settlement Agreement, are hereby stayed and suspended until further order of this Court.

13.     All Settlement Class Members and their legally authorized representatives, unless and until they have submitted a valid request to opt out or exclude themselves from the Settlement Class (hereinafter, "Request for Exclusion"), are hereby preliminarily enjoined (i) from filing, commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; and (iii) from attempting to effect an opt-out of a group, class, or subclass of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the Released Claims.

14.     No later than thirty (30) days after entry of this Order (hereinafter, the "Notice Date"), the Settlement Administrator will commence sending copies of the summary notice, in

the form (without material variation) of Exhibit 3 to the Declaration of Christian Levis dated March 29, 2021 ("Levis Decl."), by email to Settlement Class Members as described in the proposed Notice Plan described in the Declaration of Justin Parks dated March 29, 2021, attached as Exhibit 2 to the Levis Decl. The email will provide links for Settlement Class Members to access the long form notice and Proof of Claim and Release, in the form (without material variation) of Exhibits 4 and 5 to the Levis Decl.

15. Beginning no later than the Notice Date, the Settlement Administrator shall create and maintain a Settlement Website, www.alcoholdeliverydatabreach.com, until the termination of the administration of the Settlement. The Settlement Website shall include copies of the Settlement Agreement, this Order, the long form and short form notices, the Proof of Claim and Release, the motion for preliminary approval, and all supporting papers, shall identify important deadlines, and shall provide answers to frequently asked questions. The Settlement Website may be amended as appropriate during the course of the administration. The Settlement Website shall be searchable on the Internet.

16. The Settlement Administrator shall maintain a toll-free interactive voice response telephone system containing recorded answers to frequently asked questions, along with an option permitting callers to speak to live operators or to leave messages in a voicemail box. The Settlement Administrator shall also maintain an email address to receive and respond to correspondence from Settlement Class Members.

17. The Court approves in form and substance the Notice Plan and the forms of Class Notice reflected in the proposed long form and short form notices, and the Proof of Claim and Release attached as Exhibits 2-5 to the Levis Decl. The Notice Plan and forms of Class Notice (i) are the best notice practicable under the circumstances; (ii) are reasonably calculated, under the

circumstances, to apprise Settlement Class Members of the pendency and status of this Action and of their right to object to or exclude themselves from the proposed Settlement; (iii) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice of the Fairness Hearing; and (iv) fully satisfy all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Due Process, and any other applicable rules or laws. Non-substantive modifications to the forms of Class Notice may be made without further order of the Court.

18. No later than seventy-five (75) days after the Notice Date, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in paragraphs 14-16 of this Order.

19. Any Settlement Class Member that objects to the fairness, reasonableness, or adequacy of any term or aspect of the Settlement, the application for attorneys' fees and expenses, Incentive Awards, or the Final Approval Order and Final Judgment, or who otherwise wishes to be heard or intervene, may appear in person or by his or her attorney at the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Class Counsel and Drizly's counsel shall be heard and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be considered by the Court unless, not later than ninety (90) days after the Notice Date, the Settlement Class Member files with the Court (and serves the same on or before the date of such filing by hand or mail on Class Counsel and Drizly's Counsel) a statement of the objection or motion to intervene, as well as the specific legal and factual reasons for each objection or motion to intervene, including all support that the objecting Settlement Class Member wishes to bring to the Court's attention and all evidence the objecting Settlement Class Member wishes to

introduce in support of the Settlement Class Member's objection or motion. Such submission must contain: (i) the objector's full name, address, telephone number, and e-mail address; (ii) the case name and case number; (iii) information identifying the objector as a Settlement Class Member; (iv) a written statement of specific legal and factual basis for each objection, including whether the objection applies only to the objecting person, a specific subset of the Settlement Class or the entire Settlement Class; (v) a description of any and all evidence the objecting person may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses and all exhibits intended to be introduced at the Fairness Hearing; (vi) the identity of all counsel representing the objector (if any); (vii) a statement whether the objector and/or their counsel will appear at the Final Fairness Hearing; (viii) the objector's signature and (if applicable) the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); and (ix) a list, by case name, court, and docket number, of all other cases in which the objector and/or the objector's counsel has filed an objection to any proposed class action settlement within the last five (5) years.

20. Any objection to the Settlement or motion to intervene submitted by a Settlement Class Member pursuant to paragraph 19 of this Order must be signed by the Settlement Class Member (and if applicable his, her, or its legally authorized representative), even if the Settlement Class Member is represented by counsel. The right to object to the proposed Settlement or to intervene must be exercised individually by the Settlement Class Member and not as a member of a group, class, or subclass, except that such objections and motions to intervene may be submitted by the Settlement Class Member's legally authorized representative.

21. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

22. Any Settlement Class Member who fails to comply with the requirements for objecting in writing described in paragraphs 19-21 of this Order: shall be deemed to have waived and forfeited any and all rights the Settlement Class Member may have to appear separately and/or to object to the Settlement Agreement; shall be forever barred from raising such objection or seeking to intervene in this or any other action or proceeding related to or arising out of the Settlement; and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action. Any challenge to the Settlement Agreement, the Final Approval Order approving this Settlement Agreement, or the Final Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

23. All objectors shall make themselves available to be deposed by any Party in the District of Massachusetts or the county of the objector's residence or principal place of business within seven (7) days of service of the objector's timely written objection.

24. Discovery concerning any purported objections to the Settlement and any purported motions to intervene shall be completed no later than thirty (30) days after the Deadline for Objections. Class Counsel, Drizly's counsel, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than forty-five (45) days after the Deadline for Objections.

25. Any Settlement Class Member who wishes to opt out of or be excluded from the Settlement Class must submit written Request for Exclusion to either (i) the designated post office box designated by the Settlement Administrator in the Class Notice postmarked no later

than ninety (90) days after the Notice Date (the "Exclusion Bar Date") or (2) the designated email address established by the Settlement Administrator by 11:59 P.M. Eastern Time on the Exclusion Bar Date. The written notice must a) include the Settlement Class Member's name, email address, claimant code of the person or entity seeking exclusion, and in the case of an entity, the name and email address of the appropriate contact person; (b) state that such Settlement Class Member requests to be excluded from the Settlement Class in the Action; and (c) if submitted by postal mail, be signed by such person or entity requesting the exclusion or an authorized representative, as well as proof of authorization to submit the Request for Exclusion if submitted by an authorized representative.

26. The right to be excluded from the proposed Settlement must be exercised individually by the Settlement Class Member or by the Settlement Class Member's authorized representative, even if the Settlement Class Member is represented by counsel, and not as a member of a group, class, or subclass, except that a Request for Exclusion may be submitted by the Settlement Class Member's legally authorized representative.. A Request for Exclusion shall not be effective unless it provides all of the required information in paragraph 25, complies with this paragraph 26 and is either postmarked or emailed by the Exclusion Bar Date, as set forth in the Class Notice. The Parties may seek discovery, including by subpoena, from any Settlement Class Member who submits a Request for Exclusion.

27. Any Settlement Class Member who does not submit a timely and valid written Request for Exclusion shall be bound by all proceedings, orders, and judgments in the Action, even if the Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or the proposed Settlement.

28. Settlement Class Members that submit valid and timely Requests for Exclusion shall not receive any benefits of and shall not be bound by the terms of the Settlement Agreement, will not be bound by any further orders or judgments entered for or against the Settlement Class, and will preserve their right to independently pursue any claims they may have against Drizly.

29. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Class Counsel and Drizly's Counsel as requested.

30. The Settlement Administrator shall furnish Class Counsel and Drizly's Counsel with copies of any and all objections, motions to intervene, notices of intention to appear, and other communications that come into its possession (except as otherwise expressly provided in the Settlement Agreement) within one (1) business day of receipt.

31. Within ten (10) business days following the Exclusion Bar Date, the Settlement Administrator shall prepare an opt-out list identifying all Settlement Class Members, if any, that submitted a timely and valid Request for Exclusion and a declaration attesting to the accuracy of the opt-out list. The Settlement shall provide Class Counsel and Drizly's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion, within one (1) business day after receipt by the Settlement Administrator and in no event later than ten (10) business days after the Exclusion Bar Date.  Class Counsel shall file the opt-out list and the declaration of the Settlement Administrator attesting to the accuracy of such list with the Court.

32. All Proofs of Claim and Release shall be submitted by Settlement Class Members to the Settlement Administrator as directed in the Class Notice no later than ninety (90) after the Notice Date (the "Claims Filing Deadline").

33. The Settlement Administrator shall promptly process and review all Proofs of Claims and Release for timeliness and eligibility to participate in the Settlement. Within forty-five (45) days after the Claims Filing Deadline, the Settlement Administrator will file for Court review a declaration describing its review of the Proofs of Claim and Release and detailing the Authorized Claimants and the rejected claims by claim identification number.

34. To effectuate the Settlement and the Notice Plan, the Settlement Administrator shall be responsible for: (a) establishing a post office box (to be identified in the long form notice, the summary notice and on the Settlement Website), an email address, a toll-free interactive voice response telephone system, and a Settlement Website for purposes of communicating with Settlement Class Members; (b) effectuating the Notice Plan, including running Settlement Class Members' email addresses through a deliverability analysis to ensure the email addresses are valid; (c) accepting and maintaining documents sent from Settlement Class Members, including Proofs of Claim and Release, and other documents relating to the Settlement and its administration; (d) determining the timeliness and validity of each Proof of Claim and Release submitted by Settlement Class Members; (e) corresponding with Settlement Class Members regarding any deficiencies in their Proofs of Claim and Release and the final value of any Claim Payment; (f) calculating and distributing each Authorized Claimant's Claim Payment; (g) determining the timeliness and validity of all Requests for Exclusion received from Settlement Class Members; (h) preparing the opt-out list and a declaration attaching and attesting to the accuracy of such list, and providing the same to Class Counsel and Drizly's Counsel; and (i) providing Class Counsel and Drizly's Counsel with copies of any Requests for Exclusion (including all documents submitted with such requests).

35. All costs incurred by the Settlement Administrator in effectuating the Notice Plan and administering the Settlement shall be borne by Drizly, pursuant to the Settlement Agreement.

36. The Settlement Administrator shall maintain a copy of all paper communications related to the Settlement for a period of one (1) year after distribution of Claim Payments to Authorized Claimants, and shall maintain a copy of all electronic communications related to the Settlement for a period of two (2) years after the distribution, after which time all such materials shall be destroyed, absent further direction from the Parties or the Court.

37. The Court preliminarily approves the establishment of the Escrow Account defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

38. Neither the Settlement Agreement, whether or not it shall become final, nor any negotiations, documents, and discussions associated with it, nor the Final Approval Order and Final Judgment are or shall be deemed or construed to be an admission, adjudication, or evidence of: (a) any violation of any statute or law or of any liability or wrongdoing by Drizly or any Released Party; (b) the truth of any of the claims or allegations alleged in the Action; (c) the incurrence of any damage, loss, or injury by any Person; or (d) the propriety of certification of a class other than solely for the purposes of the Settlement. Further any negotiations, non-public documents, and non-public discussions associated with the Settlement are not discoverable and may not be used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or any Person, except if warranted by existing law in connection with a dispute under the Settlement Agreement or an action in which

such documents are asserted as a defense. All rights of Plaintiffs and Drizly are reserved and retained if the Settlement does not become final in accordance with the terms of the Settlement Agreement.

39. Class Counsel shall file their motions for payment of attorneys' fees and expenses, Incentive Awards, and final approval of the Settlement no later than seventy-five (75) days after the Notice Date.

40. If the Settlement is approved by the Court following the Fairness Hearing, a Final Approval Order and Final Judgment will be entered as described in the Settlement Agreement.

41. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to Settlement Class Members, other than which may be posted at the Court or on the Settlement Website.

42. In the event that the Settlement is terminated in accordance with its provisions, Settlement Agreement and all proceedings had in connection therewith, including but not limited to all negotiations, documents, and discussions associated with it, and any Requests for Exclusion from the Settlement previously submitted and deemed to be valid and timely, shall be null and void and be of no force and effect, except as expressly provided to the contrary in the Settlement Agreement, and shall be without prejudice to the *status quo ante* rights of the Parties.

43. If the Settlement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

44. The Court's preliminary certification of the Settlement Class, appointment of Plaintiffs as class representatives, and findings in this Preliminary Approval Order shall have no effect on the Court's ruling on any motion to certify any class in the Action, or appoint class

representatives, and no Person may cite or refer to the Court's approval of the Settlement Class as binding or persuasive authority with respect to any motion to certify such class or appoint class representatives.

45. Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

46. The schedule of events referenced above should occur as follows:

| Event | Date |
| --- | --- |
| Class Notice commences | No later than thirty (30) days after entry of this Preliminary Approval Order (the "Notice Date") |
| Deadline to file Settlement Administrator's Declaration regarding implementation of Notice Plan | No later seventy-five (75) days after the Notice Date |
| Deadline to file Motion for Final Approval of the Settlement | No later than seventy-five (75) days after the Notice Date. |
| Motion for Attorneys' fees, reimbursement of costs and expenses, and service awards to be filed by Class Counsel | No later than seventy-five (75) days after the Notice Date. |
| Postmark/Email Deadline for Requests for Exclusion (Opt-Outs) | No later than ninety (90) days after the Notice Date ("Exclusion Bar Date"). |
| Filing and Service Deadline for Objections | No later than ninety (90) days after the Notice Date. |
| Claim Filing Deadline | No later than ninety (90) days after the Notice Date. |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | No later than ten (10) business days after Exclusion Bar Date |
| Deadline to Complete Discovery Concerning Objections | No later than thirty (30) days after the Deadline for Objections. |
| Deadline to File Oppositions to Objections | No later than forty-five (45) days after the Deadline for Objections. |
| Deadline to File Settlement Administrator Declaration to Distribute the Claims Payments | No later than forty-five (45) days after the Claims Filing Deadline. |
| Fairness Hearing | At least two hundred ten (210) days after entry of the Preliminary Approval Order. |

14

**IT IS SO ORDERED.**

Dated: March 30-, 2021

/s/ Leo T. Sorokin
Hon. Leo T. Sorokin
United States District Judge