# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BARR, MARY BIRDOES, JEFF BOWLIN, and RYAN LANDIS, on behalf of themselves all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DRIZLY, LLC f/k/a DRIZLY, INC., and THE DRIZLY GROUP, INC.,<br><br>Defendants. | Case No. 1:20-CV-11492<br><br>**The Honorable Leo T. Sorokin**<br>**Magistrate Judge Donald L. Cabell** |

### ORDER AWARDING
### ATTORNEYS' FEES, EXPENSES, AND AN INCENTIVE AWARD

This matter came before the Court for a duly-noticed hearing on October 26, 2021 (the "Fairness Hearing"), upon Class Counsel's Motion for Award of Attorneys' Fees and Expenses, and Plaintiffs' Application for an Incentive Award (the "Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation and Agreement of Settlement with Defendants Drizly, LLC f/k/a Drizly, Inc. and The Drizly Group, Inc. (collectively, "Drizly") entered into on March 26, 2021 (the "Settlement Agreement")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Court has personal jurisdiction over Plaintiffs, Drizly, and all Settlement Class Members, and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Class Counsel is hereby awarded attorneys' fees in the amount of **$1,186,967.05**, which shall be paid by Drizly. Such payment shall be made pursuant to the terms of the Settlement Agreement.

4. Class Counsel is hereby awarded expenses in the amount of **$13,032.95**, which shall be paid by Drizly. Such payment shall be made pursuant to the terms of the Settlement Agreement.

5. Plaintiffs James Barr, Mary Birdoes, Jeff Bowlin, and Ryan Landis are awarded **$8,000.00**, to share equally as an Incentive Award in recognition of their efforts on behalf of the Settlement Class, which shall be paid by Drizly. Such payment shall be made pursuant to the terms of the Settlement Agreement.

6. Class Counsel is hereby authorized to allocate the attorneys' fees award among Class Counsel in a manner in which, in Class Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

7. In making these awards, the Court has considered and found that:

    a. Class Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

  b. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

  c. Had Class Counsel not achieved the Settlement, a risk would remain that Plaintiffs and the Settlement Class may have recovered less or nothing from Drizly;

  d. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

  e. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees and expenses in an amount not to exceed $1,200,000, and that named Plaintiffs would be seeking an Incentive Award in an amount no greater than $2,000 for each named Plaintiff; and

  f. The attorneys' fee award is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable multiplier on Class Counsel's lodestar, in view of the applicable legal principles and the particular facts and circumstances of the Action.

8. In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

9. Pursuant to Section 5(C) of the Settlement Agreement, the Fee and Expense Application is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement.

10. The awards to Class Counsel and Plaintiffs herein must be paid to Class Counsel by Drizly within fourteen (14) days following entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

**IT IS SO ORDERED.**

Date: _____November 4,_____, 2021.

                                                  /s/ Leo T. Sorokin
                                                HONORABLE LEO T. SOROKIN
                                                UNITED STATES DISTRICT JUDGE