UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BARR, MARY BIRDOES, JEFF BOWLIN, and RYAN LANDIS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DRIZLY, LLC f/k/a DRIZLY, INC., and THE DRIZLY GROUP, INC.,<br><br>Defendants. | Case No. 1:20-CV-11492<br><br>**The Honorable Leo T. Sorokin**<br>**Magistrate Judge Donald L. Cabell** |

### ORDER APPROVING SETTLEMENT ADMINISTRATOR'S ADMINISTRATIVE DETERMINATIONS CONCERNING CLAIMS FORMS AND THE PROPOSED DISTRIBUTION PROCEDURE

WHEREAS Plaintiffs James Barr, Mary Birdoes, Jeff Bowlin, and Ryan Landis (collectively "Plaintiffs") by and through their counsel, Lowey Dannenberg, P.C., Carlson Lynch, LLP, Keller Lenkner LLC, Thompson Consumer Law Group, PC, and Block & Leviton LLP, have moved this Court for entry of this Order Approving Settlement Administrator's Administrative Determinations Concerning Claims Forms and the Proposed Distribution Procedure in the above-captioned action (the "Action"), and the Court having considered all materials and arguments submitted in support of the Motion, including the September 27, 2021 Declaration of Mark Cowen Regarding Claims Administration (the "Claims Administration Declaration") (ECF No. 63-3); the November 12, 2021 Supplemental Declaration of Mark Cowen Regarding Claims Administration (the "Supplemental Claims Administration Declaration"); the Memorandum of Law in Support of Plaintiffs' Motion for Entry of an Order Approving the Settlement Administrator's Administrative Determinations Concerning Claim

Forms and the Proposed Distribution Procedure (ECF No. 63-1); and the Supplemental Memorandum in Support of Plaintiffs' Motion for Entry of an Order Approving the Settlement Administrator's Administrative Determinations submitted herewith;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. This Order hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement filed in this Action (ECF No. 52-4) (the "Settlement Agreement"), and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement Agreement, Claims Administration Declaration, and Supplemental Claims Administration Declaration.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including those persons or entities filing claims (the "Claimants").

3. Plaintiffs' Motion for Entry of an Order Approving the Settlement Administrator's Administrative Determinations Concerning Claim Forms and the Proposed Distribution Procedure (ECF No. 63) is hereby **GRANTED**. Accordingly,

   a. The administrative recommendation of the Court-approved Settlement Administrator, A.B. Data, Ltd. ("A.B. Data") to accept the Eligible Claims set forth in Exhibit B to the Supplemental Claims Administration Declaration is **APPROVED**;

   b. A.B. Data's administrative recommendation to reject the Rejected Claims set forth in Exhibit C to the Supplemental Claims Administration Declaration, is **APPROVED**;

   c. A.B. Data's administrative recommendation to reject the Late Claims set forth in Exhibit D to the Supplemental Claims Administration Declaration is **APPROVED**;

4.  A.B. Data will award amounts to all Authorized Claimants and distribute the awards as **FOLLOWS**:

   a.  Drizly will pay $3,150,000.00 for the Settlement Cash Payment and issue a total of $447,750.00 for the Settlement Service Credit Amount. Accordingly, each Authorized Claimant will receive a cash payment of approximately $11.83 and a service credit of at least $1.68 against Drizly's service fee for orders placed through its platform.

   b.  As soon as is practical following the later of (a) the Effective Date of the Settlement or (b) the date of this Court's entry of this Order, A.B. Data will provide Drizly with the list of Authorized Claimants.

   c.  Within thirty (30) days following receipt of the Authorized Claimants list from A.B. Data, Drizly shall deposit to the account of each Authorized Claimant a service credit of at least $1.68 against Drizly's service fee for orders placed through its platform. The service credit will not expire for at least one (1) year from date of issuance.

   d.  Following the occurrence of the Effective Date, Drizly shall deposit the Settlement Cash Payment in the Escrow Account within thirty (30) days.

   e.  Within sixty (60) days following the later of (a) the Effective Date of the Settlement or (b) the Court's approval of these administrative determinations, A.B. Data will distribute each Authorized Claimant's *pro rata* share of the Settlement Cash Payment (the "Claim Payment").

   f.  Authorized Claimants will be notified and provided a reasonable opportunity to select an electronic payment platform or request payment by check prior to disbursement of the Claim Payment.

   g.  For Authorized Claimants that request electronic payment, A.B. Data will

cause payment to be issued via one of the designated electronic payment platforms.

    (i.) Once A.B. Data issues the Claim Payment to the Authorized Claimant using the confirmed electronic payment platform, no reissuance of the Claim Payment may be requested.

h.     For Authorized Claimants who do not select an electronic payment platform, checks in the amount of the Claim Payment will be mailed.

i.     All Settlement checks shall be void sixty (60) days after issuance and shall bear the language: "This check must be cashed within sixty (60) days, after which time it is void."

    (i.) If a check becomes void, an Authorized Claimant will have until six (6) months after the Effective Date to request re-issuance of the check. If no request for re-issuance is made within this period, the Authorized Claimant forfeits the right to receive the Claim Payment, and A.B. Data will have no further obligation to make the Claim Payment to the Authorized Claimant.

    (ii.) If a check is re-issued for any Authorized Claimant, the terms above will be applied. If any check is issued or re-issued more than one hundred eighty (180) days after the Effective Date, no further requests for re-issue will be honored if the check becomes void.

j.     One (1) year following the commencement of the distribution of Claim Payments, any portion of the Settlement Cash Payment that remains unclaimed and cannot be reasonably distributed to Authorized Claimants will be reported to Class Counsel.

      k.      Pursuant to the Settlement Agreement, Class Counsel will notify the Court of the circumstances concerning the undistributed funds and propose the remaining funds be donated to the Identity Theft Resource Center thirty (30) days after the Court notification.

      5.      Unless otherwise ordered by the Court, no Claim Forms received after July 28, 2021 at 11:59 P.M. Eastern Time may be accepted for payment for any reason.

      6.      All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claim Forms submitted herein, or otherwise involved in the administration or taxation of the Settlement, are hereby released and discharged from any and all claims arising out of such involvement, and all Class Members, whether or not they receive a distribution from the Settlement, are hereby barred from making any further claims against the Settlement, Plaintiffs, Class Counsel, the Settlement Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement, or any other person released pursuant to the Settlement Agreement, beyond the amounts allocated to Authorized Claimants.

      7.      Unless otherwise ordered by the Court, one (1) year after all funds have been distributed, A.B. Data shall destroy the paper and electronic copies of Claim Forms and all supporting documentation of the same.

      8.      This Court retains jurisdiction to consider any further applications concerning the administration of this Settlement, and such other relief as this Court deems appropriate.

**IT IS SO ORDERED.**

DATED: 11/22/2021        /s/Leo T. Sorokin
      HONORABLE LEO T. SOROKIN
      UNITED STATES DISTRICT JUDGE