# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES BARR, MARY BIRDOES, JEFF BOWLIN, and RYAN LANDIS, on behalf of themselves all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DRIZLY, LLC f/k/a DRIZLY, INC., and THE DRIZLY GROUP, INC.,<br><br>Defendants. | Case No. 1:20-CV-11492<br><br>**The Honorable Leo T. Sorokin**<br>**Magistrate Judge Donald L. Cabell** |

## FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE
## OF DRIZLY, LLC f/k/a DRIZLY, INC. AND THE DRIZLY GROUP, INC.

This matter came before the Court for a duly-noticed hearing on October 26, 2021 (the "Fairness Hearing"), upon Plaintiffs James Barr, Mary Birdoes, Jeff Bowlin, and Ryan Landis' (collectively "Plaintiffs") Motion for Final Approval of the Class Action Settlement with Defendants Drizly, LLC f/k/a Drizly, Inc. and The Drizly Group, Inc. (collectively "Drizly") and Class Counsel's Motion for Attorneys' Fees and Expenses, and Plaintiffs' Application for an Incentive Award, which was consented to by Drizly (together with Plaintiffs, the "Parties"). The Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Final Judgment hereby incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Drizly dated March 26, 2021 (the "Settlement Agreement"), and all terms used herein, except as otherwise expressly defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. The Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) to enter this Final Judgment and that it has personal jurisdiction over Plaintiffs, Drizly (in this Action only and for purposes of this Settlement), and all Settlement Class Members.

3. All Released Claims against the Released Parties are hereby dismissed with prejudice on the merits as to Drizly and without fees or costs, other than as specified in the Settlement Agreement, including Class Notice and Settlement Administration Costs, and any awards concerning the payment of attorneys' fees, expenses, and an Incentive Award.

4. Upon the Settlement Agreement becoming effective in accordance with its terms, all of the following claims shall be released. Specifically:

> A. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties. Further, upon the Effective Date, and to the fullest extent permitted by law, each Settling Class Member, including Plaintiffs, shall, either directly, indirectly, representatively, or in any capacity, be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as a class member or otherwise) in any lawsuit, action, or other proceeding in any jurisdiction (other than participation in the Settlement as provided herein) against any Released Party based on the Released Claims.
>
> B. Plaintiffs shall have, and each Settling Class Member shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of Unknown Claims. Plaintiffs, for themselves and on behalf of Settling Class Members, shall be deemed to relinquish, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, including Cal. Civ. Code § 1542 or any law which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides that:
>
>> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs acknowledge, and Settling Class Members by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of the Plaintiffs, and by operation of law, Settling Class Members, to completely, fully, finally and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts.

C. For the avoidance of doubt, by entering into this Agreement, neither Drizly nor any other Released Party shall have or shall be deemed to have released, relinquished, or discharged any claim or defense against any Person responsible for or otherwise involved in the Data Breach.

5. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that the judgment of dismissal as to Drizly shall be final and entered forthwith.

**IT IS SO ORDERED.**

Date: ____November 22____, 2021.

                                           /s/ Leo T. Sorokin
                                           HONORABLE LEO T. SOROKIN
                                           UNITED STATES DISTRICT JUDGE